416 So.2d 24 (1982)
Patricia JORDAN and Walter Jordan, Her Husband, Appellants,
v.
Margaret B. GROWNEY, Appellee.
No. 81-692.
District Court of Appeal of Florida, Fourth District.
June 23, 1982.
Rehearing Denied July 23, 1982.
Martha C. Warner of Warner, Fox & Seeley, Stuart, for appellants.
No brief filed on behalf of appellee.
HURLEY, Judge.
This appeal challenges a final judgment quieting title to property in favor of the appellee, Growney. We reverse because appellee failed to meet the requisite burden of demonstrating that the conveyance in question did not constitute self-dealing by a fiduciary.
*25 Appellee, Margaret Growney, is an attorney licensed to practice in Florida. Her mother-in-law, Irene McKeown, died in 1963 and bequeathed a life estate in her waterfront home and property to her brothers, Charles and Thomas McKeown. The remainder interest in the property was left to Mrs. McKeown's two grandchildren who are Margaret Growney's daughters. In 1965 Mrs. Growney, as her children's guardian, agreed to sell the remainder interest to Charles and Thomas McKeown for approximately $46,000. This agreement met with court approval and a quitclaim deed was executed and recorded.
In 1968 Mrs. Growney prepared a second deed conveying the property from Charles and Thomas McKeown to herself. This deed, purportedly executed in May of 1968, was not filed until April 29, 1975. The deed recites the sum of $1.00 as consideration for the conveyance of property.
Charles McKeown died in July 1968. Charles' interest in the property passed by intestacy to his brother, Thomas, who thereafter continued to live in the house. In September of 1968, Thomas executed a quitclaim deed to the property naming himself and appellant/Patricia Jordan, his stepdaughter, as joint tenants with rights of survivorship. This quitclaim deed was duly recorded on January 17, 1969.
On April 26, 1975, Thomas suffered a debilitating stroke which left him partially paralyzed and unable to talk. Three days later, Margaret Growney filed the 1968 deed which she had prepared and which conveyed the property to herself. After Thomas McKeown's death, Margaret Growney, relying on the 1968 deed, filed suit to quiet title in herself. Patricia Jordan counterclaimed under the 1969 deed which named her as a joint tenant with the right of survivorship.
Though the appellant argues with some force that there is evidence of forgery of Charles' signature to the 1968 deed and that the deed was an invalid gift, we believe the dispositive aspect to this case is the fiduciary relationship which existed between Margaret Growney and her unclesby-marriage. In interrogatories and at trial Margaret Growney admitted that an attorney/client relationship existed between herself and Charles and Thomas McKeown.
In Florida, an attorney who self-deals with a client must demonstrate that the transaction was as beneficial to the client as if conducted at arm's length between strangers. Bolles v. O'Brien, 63 Fla. 342, 59 So. 133 (1912). "The whole burden of establishing by clear and convincing evidence the fairness of an agreement purporting to convey a property right from a client to his attorney, and that it was made upon full and adequate consideration, is cast upon the attorney." Id., 59 So. at 134. See also, Gerlach v. Donnelly, 98 So.2d 493 (Fla. 1957); Abstract and Title Corp. v. Cochran, 414 So.2d 284 (Fla. 4th DCA 1982).
In the case at bar, the appellee failed to meet the required standard of proof. In view of the fact that the remainder interest in the property was valued at $46,000 only three years before, the $1.00 sum recited as consideration for the transfer is patently inadequate. Moreover, this inadequacy was not explained at trial. Added to this we have the seven year delay in recording the 1968 deed, Thomas McKeown's continued dominion over the property, plus his 1969 deed naming the appellant as his joint tenant. These facts raise additional questions about the parties' intent in executing the 1968 deed and the adequacy of their representation in that transaction.
On appeal we have viewed the evidence in the light most favorable to the appellee and have given her the benefit of all inferences that can reasonably be drawn therefrom. Nonetheless, the record fails to demonstrate that appellee observed the strictures imposed by the attorney/client relationship in the preparation and execution of the 1968 deed. Accordingly, we reverse the final judgment and remand with instructions to enter a final judgment quieting title to the property in favor of the appellant.
*26 Reversed and Remanded with instructions.
DOWNEY and HERSEY, JJ., concur.